UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SNELLING EMPLOYMENT, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUSINS PACKAGING, INC.,<br><br>　　　　Defendant. | Case No. 14-cv-05018-RMW<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 10 |

Plaintiff Snelling Employment, LLC moves to remand this case based on 28 U.S.C. § 1445(c). Because this case arises under the workers' compensation laws of California, the court GRANTS the motion to remand.

## I. BACKGROUND

Plaintiff's employee, Kevin Salas, was injured at work when using a stretch-wrapping machine manufactured defendant. Plaintiff paid Mr. Salas, either directly or through its insurer, workers' compensation. Plaintiff, which is subrogated to the rights of Mr. Salas under California law, now sues defendant on negligence and breach of warranty theories. Dkt. No. 1-1 (Complt.)

Plaintiff filed suit in Santa Clara County Superior Court, and defendant removed on the basis of diversity jurisdiction. Dkt. No. 1. Plaintiff now moves to remand the case. Dkt. No. 10.

## II. ANALYSIS

Under 28 U.S.C. § 1445(c), "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." California Labor Code § 3852 confers a right of subrogation on employers and others who pay workers' compensation benefits. The statute allows those who become obligated by state law to pay workers' compensation benefits to bring an action against a tortious third party for recovery of

1   those benefits. The only issue raised in the motion to remand is whether a claim brought under
2   Labor Code § 3852 "arises under" California's workers' compensation law within the meaning of
3   § 1445(c).

4       Although the Ninth Circuit has not issued any controlling precedent on the meaning of
5   "arising under" in § 1445(c), all courts to have addressed the issue agree that "arising under"
6   in § 1445 has the same meaning as it does in 28 U.S.C. § 1331. "Arising under" in the § 1331
7   context means that "it is apparent from the face of the complaint either that (1) a federal law
8   creates the plaintiff's cause of action; or (2) if a state law creates the cause of action, a federal law
9   that creates a cause of action is a necessary element of the plaintiff's claim." *Virgin v. Cnty. of San*
10  *Luis Obispo,* 201 F.3d 1141, 1142-43 (9th Cir. 2000). "Importing that definition to § 1445(c), a
11  civil action 'arises under' a state's workers'-compensation law when the worker's-compensation
12  law creates the plaintiff's cause of action or is a necessary element of the claim." *Ramirez v. Saia*
13  *Inc.*, No. 2:14-CV-04590-ODW, 2014 WL 3928416, at *2 (C.D. Cal. Aug. 12, 2014).

14      Here, Labor Code § 3852 creates plaintiff's cause of action, and is part of California's
15  workers' compensation law. *See Zurich American Ins. Co. v. General Motors Corp.*, 242 F. Supp.
16  2d 736, 738 n.3 (E.D. Cal. 2003) (explaining that "Under California law, a cause of action for
17  subrogation is available only where the legislature expressly provides that right," and remanding
18  subrogation claim (citations omitted)).  Therefore, plaintiff's cause of action arises under state
19  workers' compensation law and is not removeable. 28 U.S.C. § 1445(c).

20      Defendant makes two arguments in support of retaining jurisdiction in the district court.
21  First, defendant argues that the test in *Humphrey v. Sequentia*, 58 F.3d 1238, 1246 (8th Cir. 1995),
22  which *Zurich* relies on, has not been adopted in this circuit. Although defendant is correct that the
23  Ninth Circuit has not adopted the *Humphrey* test, under the Ninth Circuit's test laid out in *Virgin*
24  the court finds that the case arises under California's workers' compensation laws. *Virgin*, 201
25  F.3d at 1142-43.

26      Second, defendant argues that under *Gunn v. Minton*, 133 S. Ct. 1059 (2013) the case does
27  not arise under workers' compensation laws. Defendant first cites *San Francisco Bay Area Rapid*
28  *Transit Dist. v. Gen. Reinsurance Corp*, which applied *Gunn*, but that case involved a breach of

United States District Court
Northern District of California

contract claim, and notes that a subrogation claim would not be removable. No. 14-CV-01866-JSC, 2014 WL 2960015 at *2 n.2 (N.D. Cal. June 30, 2014). *Gunn* also confirms that the analysis in *Virgin* remains correct: "For statutory purposes, a case can 'aris[e] under' federal law in two ways. Most directly, a case arises under federal law when federal law creates the cause of action asserted." *Gunn*, 133 S. Ct. at 1064. Here, as discussed, Labor Code § 3852 creates the cause of action and therefore the case arises under that law. Accordingly, the court must remand the case per § 1445(c).

### III. ORDER

For the reasons explained above, the court GRANTS the motion to remand.

**IT IS SO ORDERED**.

Dated: January 23, 2015

*/s/ Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge